CARI A. COHORN (State Bar No. 249056)
R. SCOTT ERLEWINE (State Bar No. 095106)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA 94129
Telephone: 415-398-0900
Fax: 415-398-0911
Email: cac@phillaw.com
            rse@phillaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| MOUANG SAECHAO, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>LANDRY'S, INC., a Delaware corporation, and McCORMICK & SCHMICK RESTAURANT CORP, a Delaware corporation,<br><br>                              Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE, UNFAIR COMPETITION LAW AND RELATED CAUSES OF ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mouang Saechao, individually and on behalf of (1) all others similarly situated, and (2) all other current and former aggrieved employees of Defendants, alleges as follows:

## INTRODUCTION

1.      This is an action for wage theft and other violations of the California Labor Code and Industrial Welfare Commission Wage Order No. 5 brought against defendants Landry's, Inc. and McCormick & Schmick Restaurant Corp. (collectively, "Defendants") by Plaintiff, a former employee of Defendants.  Defendants committed numerous, repeated violations against

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA 94129
Telephone: (415) 398-0900

their employees working in non-exempt positions at Spenger's Fresh Fish Grotto ("Spenger's), a restaurant in Berkeley, California.

2.     As set forth in greater detail below, Defendants' unlawful conduct includes, without limitation, suffering employees to work off-the-clock and without compensation, failing to provide meal and rest breaks, failing to pay all wages owed (including but not limited to overtime wages, premium pay, and reporting time pay), failing to provide accurate and complete wage statements, and engaging in false and fraudulent recordkeeping practices.

## THE PARTIES

3.     Plaintiff Mouang "Michelle" Saechao is a citizen of the State of California who was employed by Defendants in hourly, non-exempt positions at Spenger's from approximately November 20, 2013 through December 1, 2014.

4.     Defendant Landry's, Inc. ("Landry's") is a Delaware corporation with its principal place of business in Houston, Texas.

5.     Defendant McCormick & Schmick Restaurant Corp. ("McCormick & Schmick") is a Delaware Corporation with its principal place of business in Houston, Texas. Plaintiff is informed and believes that Spenger's is owned and operated by McCormick & Schmick and that McCormick & Schmick is a wholly-owned subsidary of Landry's.

6.     Plaintiff is informed and believes that Defendants were her joint employers and that Defendants continue to jointly employ the workers at Spenger's. She is informed and believes that Defendants jointly controlled, and continue to control, working conditions at Spenger's and that they jointly suffer(ed) or permit(ted) employees to work there. Thus, Landry's and McCormick & Schmick, as joint employers, are jointly and severally liable for the claims Plaintiff asserts on her own behalf and on behalf of other employees.

## JURISDICTION AND VENUE

7.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA 94129
Telephone: (415) 398-0900

8.      The Court likewise has personal jurisdiction over the Defendants.  This action arose out of each Defendant's business within this judicial district, and the harm alleged occurred within this district.  Thus, each Defendant has sufficient minimum contacts with California and with this judicial district that each may be served with process under California's long-arm statute, and requiring each Defendant to respond to this action does not violate due process.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because each Defendant is deemed, pursuant to 28 U.S.C. § 1391(c)(2), to reside in this district and because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

10.      Defendants own and operate Spenger's.  They employ numerous individuals at Spenger's in hourly, non-exempt positions including but not limited to servers, hosts, bartenders, banquet servers, bussers, cooks, and dishwashers.

11.      At all times relevant, daily operations at Spenger's have been directed by general manager Richard Villareal and assistant general manager Kevin Jones.  Other so-called "floor managers" had less authority to create customs, policies, and/or practices and were charged with enforcing customs, policies, and/or practices as directed by Mr. Villareal and Mr. Jones.  Mr. Villareal and Mr. Jones had authority over all employees working at Spenger's, and they applied the customs, policies, and/or practices described herein uniformly to all non-exempt employees.

12.      The uniform custom and practice at Spenger's at all times was and is to fail to provide employees with meal and rest breaks as required by the California Labor Code and Industrial Welfare Commission Wage Order No. 5-2001 (the "Wage Orders).  The work schedules and staffing levels at Spenger's generally require, and have required, that the hourly, non-exempt employees forego off-duty meal and rest periods.

13.      Defendants required their non-exempt employees to sign a waiver of meal breaks for shifts lasting greater than five but less than six hours.  Defendants further required Plaintiff, like all non-exempt employees, to clock out before the end of the sixth hour of each shift,

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

without regard to whether the employees were actually able to stop working at that time and take an off-duty meal break.  In fact, Defendants did not provide meal periods, and the employees continued working after clocking out.  Defendants' managers, including but not limited to Mr. Villareal and Mr. Jones, knew the press of business prevented employees from taking off-duty, 30-minute meal breaks; these managers took no action to provide breaks and instead required the employees to continue working off the clock.  Employees who failed to clock out before the end of the sixth hour of each shift were disciplined.

14.    Defendants also instructed and required employees to alter the time records of workers who clocked out after the end of the sixth hour of a shift to falsely create the appearance that a compliant meal break had been taken, or that the shift was shorter than 6 hours.

15.    Defendants likewise did not, and do not, provide rest breaks.  Defendants did not provide work schedules (and/or sufficient staff) to permit employees to take rest breaks.  Management was aware that employees' workloads prevented them from taking breaks but did not take any action to relieve the employees from their duties.

16.    Defendants generally did not, and do not, pay employees premium pay for missed or untimely meal breaks or for missed rest breaks.  As noted above, in many instances, Defendants altered employees' time clock records to avoid paying premium pay by falsifying and/or destroying evidence of missed, untimely, and/or truncated meal breaks, or to fabricate evidence that shifts were shorter than six hours.

17.    Defendants routinely require(d) and/or knowingly suffer(ed) employees to work "off the clock" and thereby fail(ed) to pay them for all hours worked.  As described above, employees routinely and at management's directive clocked out – to provide the appearance that they took meal breaks or that no meal break was required to be provided – but were required to, and did, continue working.  In addition, managers routinely required employees to complete their "sidework" (*e.g.*, cleaning, restocking, rolling silverware) after clocking out; it often took employees more than an hour to complete their sidework.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

18.     Plaintiff is informed and believes that at least one employee who worked or works at Spenger's as a host and server frequently works for approximately two hours before clocking in, with the knowledge and approval of management.

19.     Defendants also occasionally require(d) employees to attend meetings. Employees did not, and do not, clock in for these meetings.  By way of example, one such meeting occurred at the beginning of each shift on a day in or around late October 2014, when corporate representatives came to Spenger's to recognize certain employees – including Plaintiff – for excellent work.  The employees were not compensated for this off-the-clock work.

20.     Defendants fail(ed) to pay overtime for hours worked in excess of 8 (or, in some instances,12) hours per day or for working 7 consecutive days in a work week in violation of Wage Order paragraph 3 and Labor Code sections 510, 1194 *et seq.,* and 1198.  As previously described, Defendants required and/or knowingly permitted employees to perform work off the clock, both during purported meal breaks and before and/or after their shifts.  The aggrieved employees were therefore deprived of overtime wages on each occasion when the total hours worked exceeded 8. This was not an infrequent occurrence; for example, Plaintiff was typically clocked in for between 6 and 8 hours for shifts when she worked as a banquet server.  On those occasions, all of her off-the-clock work should have been, but was not, compensated at the appropriate overtime rate.

21.     Defendants fail(ed) to pay reporting time pay in violation of Wage Order paragraph 5.  Defendant's managers frequently scheduled, and continue to schedule, more staff than were needed for a given shift, only to send employees home early (*i.e.*, before having worked half of their regularly scheduled shifts), and often before they even clock in.  This practice was and is particularly common with respect to servers, hosts, bussers, cooks, and dishwashers. Yet Defendants do not pay these employees for half their scheduled hours (but no less than two nor more than four hours), as required by the Wage Order.

22.     Defendants' practice of sending employees home before, or during the first half of, their shifts contributed and contributes to Defendants' other violations of the Labor Code.  In

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

5
**COMPLAINT**

particular, this practice often resulted or results in such understaffing that no meal periods or rest breaks are or were provided to the employees who remain(ed) at work.

23. Defendants fail(ed) to pay split shift premiums in violation of Wage Order paragraph 4(C).  Defendants routinely failed and fail to pay employees working split shifts (*i.e.*, work schedules interrupted by non-paid non-working periods established by the employer, other than *bona fide* meal periods) one hour's pay at the minimum wage in addition to the minimum wage for hours worked that day.  Employees at Spenger's are and were at times scheduled to work "doubles" – both the lunch and dinner shifts in the same day, with an unpaid, non-working break of longer than an hour between the shifts.  Additionally, at times Defendants required and require employees to attend meetings that both began and ended hours before the employees' shifts began.  For example, one of the meetings in or around late October 2014 described above began at approximately 3:00 pm and lasted roughly an hour; many of the employees required to attend worked shifts that day that did not begin until 6:00 pm.

24. Defendants fail(ed) to pay all earned wages (including overtime compensation, wages for off-the-clock work, reporting time pay, split shift premiums, and premium pay for missed meal and rest breaks) at least twice a month in violation of Labor Code section 204.  As described above, Defendants systematically failed and refused to pay all overtime compensation and premium pay owed to their employees and required or knowingly permitted employees to perform work off the clock and without compensation.  As such, although the employees received pay every two weeks, their wages were not timely paid in full, as required by the statute.

25. Defendants willfully fail(ed) to pay all earned wages (including overtime compensation, wages for off-the-clock work, reporting time pay, split shift premiums, and premium pay for missed meal and rest breaks) at the time of an employee's termination or within 72 hours of an employee's resignation in violation of Labor Code sections 201, 202, 203, and 206.  For the reasons stated in the immediately preceding paragraph, the employees' earned wages were not timely paid in full following their separation from Defendants.

26.     Further, Plaintiff's purportedly final paycheck – the one she was given on or about December 1, 2014 at the time of her termination – did not include all the compensation she was owed, even without regard to off-the-clock work and unpaid premium pay and/or overtime wages.  On or about December 30, 2014, she received a second check, purporting to pay her a "commission" earned between November 25 and December 8.  (Defendants refer to the portion of the mandatory gratuity on banquets paid to each banquet server as a "commission.")  Although the check was dated December 15, it was sent by Federal Express on December 26 – nearly a month after Plaintiff's last day of work at Spenger's.

27.     Defendants fail(ed) to keep accurate records in violation of Wage Order paragraph 7(A).  Because Defendants require their employees to work off the clock, and because they alter employee time records, they fail(ed) to maintain accurate information concerning the beginning and ending of each work period, meal periods, split shift intervals, and total hours worked by each employee.

28.     Defendants fail(ed) to provide accurate, itemized statements of hours worked, wages, and deductions, in violation of Wage Order paragraph 7(B) and Labor Code section 226.  Plaintiff is informed and believes that employees who receive(d) their wages via direct deposit, or any other method aside from receiving a live check, are or were not provided with wage statements at all; such employees wishing to receive a wage statement must – for each pay period – affirmatively (and repeatedly) request a statement and then wait several days to receive it.

29.     Even the wage statements that Defendants do provide fail to comply with Labor Code section 226.  Specifically, the statements do not include an address for Landry's and include no information concerning McCormick & Schmick.  More confusingly, the paychecks themselves indicate they are drawn on an account in McCormick & Schmick's name and include no reference to Landry's.

30.     Further, as described above, Defendants require(d) employees to work off the clock (including but not limited to times when employees were required to clock out to create false evidence of meal breaks).  Thus, not all hours worked were documented on employees'

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

wage statements.  Additionally, the wage statements did not reflect premium pay owed to the employees for missed meal and rest breaks, overtime wages, split shift premiums, or reporting time pay.

## CLASS ALLEGATIONS

31.    Plaintiff brings this lawsuit as a class action under Rule 23(a), and Rule 23(b)(1), 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class of similarly situated persons:

All current and former non-exempt employees of Landry's and/or McCormick & Schmick who, during the four years prior to the filing of this Complaint, worked at Spenger's and:

a.    were not provided a 30-minute, off-duty meal break during any work day lasting five hours or longer (or, to the extent employees validly waived breaks for shifts lasting between five and six hours, any work day lasting six hours or longer) and/or were not provided with a second 30-minute, off-duty break during work periods lasting over ten hours;

b.    were not provided a 10-minute rest break during any shift lasting 3.5 hours or longer and/or were not provided subsequent rest breaks for each additional four hours, or major fraction thereof, worked;

c.    were not paid for all hours worked;

d.    were not paid overtime wages for working longer than eight hours in a day;

e.    were not paid reporting time pay when they were sent home before having worked half of their scheduled shifts;

f.    were not paid split shift premiums when they worked "doubles" or split shifts; and/or

g.    received a wage statement from Defendants.

32.    Plaintiff also brings this lawsuit on behalf of a "Waiting Time Subclass," defined as follows:

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone:  (415) 398-0900

All former non-exempt employees of Landry's and/or McCormick & Schmick who worked at Spenger's and separated from their employment during the three years prior to the filing of this Complaint.

33.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Defendants, their subsidiaries, their officers, directors, managing agents, and members of those persons' immediate families, the Court, Court personnel, and legal representatives, heirs, successors or assigns of any excluded person or entity are excluded from the Class.

34.     **Numerosity.**  The Class for whose benefit this action is brought is so numerous that joinder of all Class members is impracticable.  While Plaintiff does not presently know the exact number of Class members, Plaintiff is informed and believes that there are hundreds of Class members and that those Class members can be readily determined and identified through Defendants' files and, if necessary, appropriate discovery.

35.     **Typicality.**  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff, like all class members, was a victim of wage theft by Defendants resulting from the same customs, practices, and policies.  Furthermore, the factual bases of Defendants' misconduct are common to all Class members and represent a common thread of unfair and unlawful conduct resulting in injury to all members of the Class.

36.     **Commonality.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members.  Issues of law and fact common to the Class include:

(a)     Whether each Defendant is/was a joint employer of the Class members;

(b)     Whether Defendants violated the California Labor Code by failing to provide Class members with meal breaks;

(c)     Whether Defendants violated the California Labor Code by failing to provide Class members with rest breaks;

9
**COMPLAINT**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

(d)   Whether Defendants violated the California Labor Code by failing to pay Class members premium pay for missed or untimely meal periods and/or missed rest periods;

(e)   Whether Defendants violated the California Labor Code by failing to pay overtime;

(f)   Whether Defendants violated the California Labor Code by failing to pay Class members for all time worked;

(g)   Whether Defendants violated the California Labor Code by failing to pay reporting time wages;

(h)   Whether Defendants violated the California Labor Code by failing to pay split shift premiums;

(i)   Whether Defendants violated the California Labor Code by failing to pay all earned wages at the time of Class members' termination or within 72 hours of their resignation;

(j)   Whether Defendants violated the California Labor Code by failing to keep accurate records of the time worked by Class members and by failing to provide accurate itemized statements of earnings;

(k)   Whether Defendants intentionally falsified time records;

(l)   Whether Defendants by way of the conduct alleged herein, engaged in unfair acts or practices in violation of California unfair trade practices laws including, but not limited to, California Business & Professions Code § 17200, *et seq*., for which Class members are entitled to recover;

(m)   Whether Class members have been damaged by Defendants' actions or conduct; and

(n)   Whether declaratory and injunctive relief are appropriate to curtail Defendants' conduct as alleged herein.

37.   **Adequacy.**  Plaintiff will fairly and adequately represent the interests of the Class and has no interests adverse to or in conflict with other Class members.  Plaintiff's retained

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

counsel will vigorously prosecute this case, have previously been designated class counsel in cases in the state and federal courts of California, and are highly experienced in both employment law and class litigation.

38.     **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all Class members is impracticable, and a class action will reduce the risk of inconsistent adjudications or repeated litigation over the same conduct.  Further, the expense and burden of individual lawsuits would make it virtually impossible for Class members, Defendants, or the Court to cost-effectively redress separately the unlawful conduct alleged.  Thus, absent a class action, Defendants would unjustly retain the benefits of their wrongdoings.  Plaintiff knows of no difficulties to be encountered in the management of this action that would preclude its maintenance as a class action, either with or without subclasses.

39.     Adequate notice can be given to Class members directly using information maintained in Defendants' records and/or through notice by publication or other reasonable means.

40.     Accordingly, class certification is appropriate under Rule 23.

## FIRST CLAIM FOR RELIEF

### FAILURE TO PROVIDE MEAL PERIODS
(Wage Order No. 5-2001 ¶ 11; Cal. Lab. Code §§ 226.7, 512)

41.     Plaintiff, on her own behalf and on behalf of all Class members, incorporates the above allegations as if fully set forth herein.

42.     California Labor Code § 512 provides, in pertinent part, as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

43.     California Labor Code § 226.7(a) provides: "No employer shall require an employee to work during any meal . . . period mandated by an applicable order of the Industrial Welfare Commission."

44.     Paragraph 11(A) of the Wage Order provides, in pertinent part, as follows: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

45.     As alleged herein, Plaintiff and the Class members routinely and uniformly were not provided with meal periods and instead were required to forego the meal periods required to be provided to them.

46.     By failing to provide Plaintiffs with these meal periods, Defendants violated California Labor Code sections 512 and 226.7, as well as applicable provisions of the Wage Order.

47.     As a result of the unlawful acts of Defendants set forth herein, Plaintiff and each Class member have been unfairly and illegally deprived of up to two meal periods per day, and are entitled to one additional hour of premium pay for each missed meal period.

## SECOND CLAIM FOR RELIEF

FAILURE TO PROVIDE REST PERIODS
(Wage Order No. 5-2001 ¶ 12; Cal. Lab. Code §§ 226.7)

48.     Plaintiff, on her own behalf and on behalf of all Class members, incorporates the above allegations as if fully set forth herein.

49.     Paragraph 12(A) of the Wage Order authorizes employees to take paid rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

50.     Cal. Labor Code § 226.7(a) provides: "No employer shall require an employee to work during any  . . . rest period mandated by an applicable order of the Industrial Welfare Commission."

51.     Plaintiffs routinely and uniformly were not provided with the rest periods required to be provided to them, which amounted to a total of one to three rest periods per day, depending upon the actual length of the employee's workday.

52.     By failing to provide Plaintiffs with these rest periods, Defendants violated Paragraph 12 of the Wage Order and California Labor Code section 226.7.

53.     As a result of the unlawful acts of Defendants set forth herein, Plaintiffs and the Class members have been unfairly and illegally deprived of up to three rest periods per day, and are entitled to one additional hour of premium pay for each missed rest period.

### THIRD CLAIM FOR RELIEF

FAILURE TO PAY FOR ALL HOURS WORKED
(Wage Order No. 5-2001 ¶¶ 4(B), 11; Cal. Lab. Code §§ 221, 223)

54.     Plaintiff, on her own behalf and on behalf of all Class members, incorporates the above allegations as if fully set forth herein.

55.     Paragraph 4(B) of the Wage Order provides that all employers must "pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period...."

56.     As described above, Defendants require(d) Plaintiff and the Class members to clock out before the end of the sixth hour of their shifts, even when Plaintiff and the Class members continued to work after the sixth hour, to create the appearance that Defendants provided timely, off-duty meal periods.  Contrary to that appearance, however, Defendants required or suffered Plaintiff and the Class members to continue working off the clock through these purported meal periods.  Pursuant to Paragraph 11 of the Wage Order, "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and *counted as time worked*" (emphasis added).  Plaintiff and the Class members were never compensated for the time worked during their purported meal periods, in violation of Paragraphs 4(B) and 11.

57.     At times Defendants likewise required or suffered Plaintiff and the Class members to attend meetings.  Defendants did not permit Plaintiff or the Class members to clock in for such meetings, and as a result, Plaintiff and the Class members were not paid for time spent in these meetings.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

13
COMPLAINT

58.     Defendants routinely required or suffered Plaintiff and the Class members to perform work off the clock at the end of a shift.  Plaintiff and the Class members were never compensated for this off-the-clock labor, in violation of Paragraph 4(B).

59.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of compensation for all hours worked in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

### **FOURTH CLAIM FOR RELIEF**

FAILURE TO PAY OVERTIME WAGES
(Wage Order No. 5-2001 ¶ 3**;** Cal. Labor Code §§ 510, 1194 *et seq*., 1198)

60.     Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

61.     California Labor Code § 510(a) provides, in pertinent part, as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

62.     California Labor Code § 1194 provides, in pertinent part, as follows:

any employee receiving less than the . . . legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

63.     Paragraph 3(A) of the Wage Order provides, in pertinent part, as follows:

[E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

* * *

(b)  Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

64.     Plaintiff and the Class members did not receive proper compensation for all hours worked in excess of eight (or twelve) hours per day or forty hours per week, or for working more than six days in a work week.

65.     By their conduct described above, Defendants violated, *inter alia*, the provisions of California Labor Code §§ 510, 1194, 1198, and Paragraph 3 of the Wage Order and are therefore liable to Plaintiff and the Class members for the damages caused.

66.     As described above, Defendants required and/or suffered employees to work both before and after clocking in – sometimes for hours at a time – as well as during unpaid meetings. Thus, on numerous occasions, employees worked in excess of eight hours in a day, but Defendants' time records falsely indicated such employees worked shorter hours and were not entitled to overtime wages.

67.     Plaintiff is informed and believes that she worked shifts in excess of eight hours, but was not paid overtime wages, during numerous pay periods, including but not limited to pay periods ending January 20, 2014, February 3, 2014, February 17, 2014, March 3, 2014, March 17, 2014, March 31, 2014, April 14, 2014, April 28, 2014, and/or May 12, 2014.

68.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of overtime compensation in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF

REPORTING TIME PAY
(Wage Order No. 5-2001 ¶ 5)

69.     Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

70.     IWC Wage Order No. 5-2001 provides, in pertinent part, as follows:

> Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

71.     As alleged above, Defendants routinely scheduled more hourly employees for each shift than were permitted to work their full shifts.  When this happened, one or more employees (often including Plaintiff) would arrive at work only to be sent home before having worked half their scheduled shifts – and often before even clocking in.

72.     Defendants did not pay those employees reporting time pay, in violation of paragraph 5 of the Wage Order.

73.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of reporting time pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF

### SPLIT SHIFT PREMIUM PAY
(Wage Order No. 5-2001  ¶ 4)

74.     Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

75.     Paragraph 2(R) of the Wage Order defines "split shift" as a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods."  Paragraph 4(C) requires that "[w]hen an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday."

76.     As alleged above, Defendants routinely scheduled employees, including Plaintiff, to work "doubles," *e.g.*, to work both the lunch and dinner shift in the same day.  In addition, Defendants scheduled meetings that employees, including Plaintiff, were required to attend,

hours before working their shifts scheduled for later in the same day.  Defendants failed to pay these employees split shift premiums.

77.     As a result of the wrongful and unlawful acts of Defendants alleged herein, Plaintiff and the Class members have been deprived of split shift premium pay in amounts to be determined, and are entitled to recovery of said amounts according to proof, interest thereon, injunctive relief, attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF

STATUTORY PENALTIES FOR VIOLATION OF RECORD KEEPING REQUIREMENTS
(Wage Order No. 5-2001  ¶ 7; Cal. Lab. Code § 226(b))

78.     Plaintiff, on her own behalf and on behalf of the Class members, incorporates the above allegations as if fully set forth herein.

79.     California Labor Code § 226(a) provides, in pertinent part, as follows:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing . . . gross wages earned, . . . total hours worked by the employee . . . [and ] all deductions . . . and . . . all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

80.     IWC Wage Order No. 5-2001 paragraph 7 provides additionally, in pertinent part, as follows:

> Every employer shall keep accurate information with respect to each employee including the following:
>
> \*   \*   \*
>
> (3) Time records showing when the employee begins and ends each work period.  Meal periods, split shift intervals and total daily hours worked shall also be recorded. …
>
> (5)  Total hours worked in the payroll period and applicable rates of pay.
>
> \*   \*   \*
>
> Every employer shall semimonthly or at the time of each payment of wages furnish each employee … an itemized statement in writing showing:  (1) all deductions…

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone:  (415) 398-0900

---

17
**COMPLAINT**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

81.     Defendants have violated the above Labor Code section and Wage Order provision with respect to Plaintiff and the Class members by failing to keep accurate time records showing all hours worked and failing to provide accurate itemized statements of earnings and the amounts lawfully deducted from wages.

82.     California Labor Code § 226(e) provides, in pertinent part, as follows:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees.

83.     California Labor Code § 226(g) provides, in pertinent part, as follows:  "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

84.     Defendants' violations of the Labor Code section and the Wage Order recited above have been knowing and intentional.

85.     Plaintiff and the Class members have been misled, misinformed, deceived, defrauded, underpaid and otherwise injured as a result of said violations.

86.     As a result of the aforesaid wrongful and illegal conduct of Defendants, Plaintiff and each Class member herein are entitled to penalties in the amount of $50 for the initial pay period for each violation by Defendants, and $100 for each such violation in every subsequent pay period during the relevant limitations period.

87.     As a result of the aforesaid wrongful and illegal conduct of Defendants, Plaintiff and the Class members are also entitled to injunctive relief, costs and attorney's fees.

## EIGHTH CLAIM FOR RELIEF

### WAITING TIME PAY
### (Cal. Lab. Code §§ 201-203, 206)

88.     Plaintiff, on her own behalf and on behalf of the members of the Waiting Time Subclass (the "Subclass"), incorporates the above allegations as if fully set forth herein.

89.     California Labor Code § 201(a) provides, in pertinent part, as follows:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

90.     California Labor Code § 202(a) provides, in pertinent part, as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

91.     California Labor Code § 206(a) provides, in pertinent part, as follows:

> In case of a dispute over wages, the employer shall pay, without condition, and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.

92.     Where an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 through 203 of the California Labor Code, all wages due to an employee who has been discharged or has quit, California Labor Code §203 entitles the affected employee to receive from the employer a penalty of up to 30 days wages calculated from the due date of the wages until the time an action to recover the wages is commenced.

93.     As alleged herein, Defendants have failed to pay earned wages (including but not limited to overtime compensation, premium pay for missed meal and rest breaks, reporting time pay, and split shift premiums) to Plaintiff and the Subclass members at the time they became due and payable, and have thus violated sections 201, 202 and 206 of the California Labor Code.

94.     Defendants' failure to pay wages as alleged herein was willful in that Defendants knew that Plaintiff and the Subclass members were not receiving all of their earned compensation because, *inter alia*, Defendants knew Plaintiff and the Subclass members did not receive all the wages to which they were entitled, including (without limitation) overtime and reporting time pay.

95.     As to each of the Subclass members (including Plaintiff), it has been more than 30 days since the date of termination of employment.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

96.    As a result of Defendants' willful, unlawful acts, discussed herein, Plaintiff and the Subclass members are each entitled to recover, pursuant to California Labor Code §203, continuing wages as a penalty for a total of 30 days.

## NINTH CLAIM FOR RELIEF

UNJUST ENRICHMENT/CONSTRUCTIVE TRUST
(Cal. Civ. Code §§ 2223, 2224)

97.    Plaintiff, on her own behalf and on behalf of all Class members, incorporates the above allegations as if fully set forth herein.

98.    Defendants have knowingly and intentionally failed to pay Plaintiff and the Class members all compensation for employment that was and is due to them under the law.

99.    The work performed by Plaintiff and the Class members, for which they have not received full and fair compensation, was at the direction and behest of Defendants, and each of them.  Plaintiff and the Class members did not perform this work gratuitously, but with the expectation that they would receive wages and compensation in amounts and in a manner that fully complied with the law.

100.    Said underpaid compensation is rightfully the property of Plaintiff and the Class members.

101.    Defendants' retention of said underpaid wages is wrongful, inequitable and represents an unjust enrichment of Defendants, and each of them, to the detriment of the Plaintiff and the Class members.  Defendants' wrongful retention of such underpaid wages and premium pay makes them involuntary trustees of said property, and as such Defendants have a duty to re-convey to Plaintiff and the Class members said unpaid and underpaid wages and premium pay that are rightfully the property of Plaintiff and the Class members.

## TENTH CLAIM FOR RELIEF

VIOLATION OF UNFAIR COMPETITION LAW
(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

102.    Each Plaintiff, on his own behalf and on behalf of all Class members, incorporates the above allegations as if fully set forth herein.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

103.    By their actions described in this Complaint, Defendants have committed unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code section 17200 et seq. (the "UCL").

104.    California Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure that employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those employers who try to gain competitive advantage by not so complying, at the expense of the health, safety and welfare of their employees.

105.    As set forth above, Defendants have failed and refused to provide timely, off-duty meal periods to their employees; failed and refused to provide rest breaks; failed and refused to compensate employees for such missed or untimely breaks; failed to properly pay employees for all hours worked; failed to properly pay overtime; failed to pay reporting time pay and split shift premiums; failed to timely pay all wages earned at the time of termination; and failed to comply with recordkeeping and wage statement requirements.  As a result of these actions, Defendants have engaged in unfair competition within the meaning of the UCL because their conduct has violated state wage and hour laws and policies, including but not limited to Labor Code sections 201, 202, 204, 221, 223, 226, 226.7, 510, 512, 1194 *et seq.*, 1198 and Paragraphs 3, 4, 5, 7, 11, and 12 of the Wage Orders.

106.    In addition, it has been Defendants' custom, policy and practice to fail and refuse to pay Plaintiff and the Class members all earned wages at the time such wages became due and payable.  Specifically, Defendants have failed to timely pay earned wages (*e.g.*, overtime compensation and premium pay for missed or untimely meal breaks and for missed rest breaks) as required by Labor Code section 204.  This conduct likewise constitutes unfair competition.

107.    Defendants have fraudulently destroyed and/or altered Plaintiff's and the Class members' time records to create a false appearance that Plaintiff and the Class members were provided with timely, 30-minute meal breaks, or that no such breaks were required.  Such conduct flagrantly violates Labor Code section 226 and Paragraph 7 of the Wage Order.  Plaintiff reasonably relied on Defendants to keep accurate and complete records of her time

worked and to pay her all earned wages.  She was harmed by Defendants' destruction and falsification of time records.  Defendants' conduct as alleged in this paragraph therefore also constitutes unfair competition under the UCL.

108.    Defendants' conduct as described herein has been anti-competitive and injurious to Defendants' competitors who complied with the laws and policies violated by Defendants, as Defendants' conduct provided an unfair and illegal advantage in the marketplace as a result of, *inter alia*, paying less for the labor of their employees than required by law.

109.    Defendants' conduct has injured each Plaintiff and Class member by, *inter alia*, wrongfully denying them earned wages, overtime pay, premium pay, and meal and rest periods. As such, Plaintiff and the Class members are entitled to restitution and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class members, prays for judgment in her favor and relief against Defendants and each of them as follows:

(a)    For injunctive relief restraining further acts of wrongdoing by Defendants;

(b)    For compensatory damages, including, without limitation, lost wages and premium pay, in amounts to be determined at trial;

(c)    For statutory penalties;

(d)    For interest, at the legal rate;

(e)    For imposition of a constructive trust over all amounts by which Defendants have been unjustly enriched;

(f)    For restitution of all amounts Class members have been unlawfully denied as a result of Defendants' unfair and unlawful business practices;

(g)    For attorneys' fees and costs; and

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900

22
**COMPLAINT**

(h)     For all such other and further relief as the Court may deem just, proper and equitable.

Dated:  February 23, 2015                    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


                                             By _____
                                                Cari A. Cohorn
                                                Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  February 23, 2015                    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


                                             By _____
                                                Cari A. Cohorn
                                                Attorneys for Plaintiff

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201
San Francisco, CA  94129
Telephone: (415) 398-0900