IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUANG SAECHAO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LANDRYS, INC., a Delaware corporation, and McCORMICK & SCHMICK RESTAURANT CORP., a Delaware corporation,<br><br>Defendants. | No. C 15-00815 WHA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEY'S FEES** |

## INTRODUCTION

In this wage-and-hour class action, plaintiff moves for final approval of a class settlement agreement, approval of an incentive award for the lead plaintiff, and an award of attorney's fees and costs to class counsel. For the reasons stated below, final approval of the settlement is **GRANTED**, the incentive award is **GRANTED**, the request for attorney's fees and costs is **GRANTED IN PART AND DENIED IN PART**. Additionally a dispute relating to fees and costs is referred to a magistrate judge for mediation.

## STATEMENT

The background of this action is set forth in prior orders (Dkt. Nos. 98, 139). Plaintiff Mouang Saechao asserts various claims for wage-and-hour violations against defendant McCormick & Schmick Restaurant Corp., which operated Spenger's Fresh Fish Grotto, a

restaurant in Berkeley. An order certified five classes, each with a different claim against McCormick & Schmick.

After a full and contentious discovery period, including the retention of an economics expert to conduct an extensive damages study, the parties attended three settlement conferences before Magistrate Judge Joseph C. Spero and reached a classwide settlement agreement. An order granted preliminary approval of the settlement.

Briefly, the settlement requires McCormick & Schmick to establish a non-reversionary settlement fund of $500,000 dollars, from which shall be deducted attorney's fees, costs, an incentive award to Saechao, a payment of $9,000 to the California Labor & Workforce Development Agency pursuant to the Private Attorneys General Act (with $3,000 to be paid to PAGA-eligible class members), and payroll taxes. The remaining funds are to be distributed to class members based on their *pro rata* shares of three categories of alleged injuries.

No objections to the settlement have been filed or received by counsel, the Court, or the class administrator. Two class members opted out of the settlement (Simpluris Decl. ¶¶ 11–12). The settlement agreement provides for an average cash payment of more than one thousand dollars per class member (with a range from three dollars to more than six thousand dollars and a median of almost six hundred fifty dollars) *after* all of the deductions identified above (*id.* ¶ 13). The classwide release is limited to the certified claims.

Saechao now moves for final approval of the class settlement. Class counsel also moves for (1) $150,000 in attorney's fees, (2) $50,000 in costs, and (3) $500 as an incentive payment for Saechao.

Any award of attorney's fees and costs is subject to a dispute between class counsel and her former law firm, Phillips, Erlewine, Given & Carlin LLP, which all agree holds a lien covering a portion of the attorney's fees. PEG&C filed a notice of this lien in September 2015 (Dkt. No. 48). When Saechao moved for class certification in January 2016 and sought to name Attorneys Cari Cohorn (formerly of PEG&C) and Katharine Chao (who had no relationship to PEG&C) as class counsel, neither she nor her counsel made any mention of the lien or of

2

PEG&C. The order certifying the class named Attorneys Cohorn and Chao as class counsel, with Cohorn to serve as lead counsel.

PEG&C commenced the initial investigation into Saechao's claims and represented Saechao when she initially filed the action. Our class counsel, Attorney Cari Cohorn, then a partner at PEG&C, began working on the instant case, but left her position at the firm soon after it was filed. Attorney Cohorn entered into a joint prosecution agreement with PEG&C that allocated the work and any award of attorney's fees and costs between Attorney Cohorn and PEG&C. Attorney Cohorn and PEG&C had a falling out relating to her disassociation as a partner, and in September 2015, Saechao discharged PEG&C as counsel. When Saechao moved for class certification, Attorney Cohorn (and another sole practitioner Attorney Katharine Chao) sought to be appointed class counsel. No mention was made of PEG&C. PEG&C contends that Attorney Cohorn breached the joint prosecution agreement, and contends it is entitled to damages from that breach as well as *quantum meruit* as to the award of fees and costs herein.

Attorney Cohorn asks the Court to exercise ancillary jurisdiction over the fee dispute, while PEG&C argues the dispute belongs in state court. This order follows full briefing and oral argument.

## ANALYSIS

### 1.  THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE.

To win final approval, a class settlement must be fair, reasonable, and adequate. FRCP 23(e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

This settlement is grounded in a $500,000 cash payout, to be allocated among class members after certain deductions. That cash payment represents approximately one third of the total available recovery if the case proceeded to trial (before the deductions for any fees or costs). As stated in the order granting preliminary approval of the settlement, the class faced significant uncertainty in the strength of its claims, and the discount on the total available recovery is reasonable in light of that risk.

3

1    Two members of the class opted out, and no class member filed any objections
2 following preliminary approval of the settlement, further underscoring the fairness of this
3 settlement agreement.  At the hearing on the instant motion for final approval, the Court gave an
4 opportunity for any class member to raise any issue relating to the settlement, even though no
5 class members filed objections.  No class member appeared.

6    This order finds the settlement is fair, reasonable, and adequate.

### 2.    INCENTIVE AWARD.

8    Saechao seeks an incentive award of $500 to be paid from the settlement agreement.
9 Saechao dedicated more than forty hours to this litigation, including preparing for and attending
10 a two-day deposition and several lengthy settlement conferences.  Additionally, she incurred
11 more than three hundred dollars in costs in connection with her participation in this action.
12 Even after receiving the incentive award, Saechao will not receive the largest award among the
13 class members.  This order holds that an incentive award of $500 for Saechao is appropriate.

### 3.    ATTORNEY'S FEES AND COSTS.

15    Despite the settlement agreement and defendant's acquiescence to the attorney's fees
16 sought, a court must still ensure that the attorney's fees and costs awarded are "fair, reasonable,
17 and adequate."  *See Staton v. Boeing, Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003).  Common
18 fund fees, as we have here, are consistent with the "American Rule" (*i.e.*, that each party pays
19 for its own litigation expenses), and "a litigant or lawyer who recovers from the common fund
20 for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee
21 from the fund as a whole."  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

22    District courts in this circuit may use two different approaches to gauge the
23 reasonableness of a requested fee award under the traditional common-fund approach.  The first
24 is the lodestar method, whereby a reasonable number of hours is multiplied by a reasonable
25 hourly rate.  The lodestar may include a risk multiplier to enhance the fees under certain
26 circumstances, in which a court considers "the quality of the representation, the benefit obtained
27 for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."
28 *Hanlon*, 150 F.3d at 1026.  Our court of appeals, however, also allows a calculation based upon

4

1  a percentage of the common fund. *See Staton*, 327 F.3d at 967–68. The benchmark percentage
2  is 25 percent. *See Hanlon*, 150 F.3d at 1026. Here, the requested $150,000 in attorney's fees
3  equals approximately 30 percent of the total settlement fund. It also represents 32 percent of
4  class counsel's claimed lodestar (without including the lodestar for work performed by
5  PEG&C) (Cohorn Decl. ¶ 21).

6  Counsel also requests an award of costs of $50,000, to be paid from the settlement fund.
7  Attorneys Cohorn and Chao each filed declarations detailing their expenses, for a total of
8  $60,408.61 (again, not including costs incurred by PEG&C). The bulk of counsel's expenses
9  constituted fees for the class expert, whose report was relied upon both in class certification and
10 in settlement. After expert fees, the next greatest expense was the cost of a court reporter and
11 expedited transcripts for depositions. Class counsel is not entitled to recover costs for *expedited*
12 transcripts or other costs incurred solely for their convenience, but even after deducting such
13 expenses, the total costs still exceed the recovery requested.

14 This case did not go to trial, it did not concern exceptionally complex issues, and the
15 results obtained herein, while reasonable in light of the litigation risk, are not exceptional.
16 Notably, the settlement agreement recovered approximately one third of the best-case scenario
17 recovery at trial, but it also did not win any injunctive relief concerning McCormick &
18 Schmick's meal-period and rest-break policies. Moreover, as the details of the dispute between
19 Attorney Cohorn and PEG&C demonstrate, it appears there was some duplication of efforts in
20 the prosecution of this case.

21 Nevertheless, the Court acknowledges that counsel undertook significant work and
22 costs, in excess of the amount sought to be recovered. Thus, although this order finds that no
23 departure from the benchmark of 25 percent of the fund is warranted, it finds that an award of
24 $125,000 in fees and $50,000 in costs is reasonable. The class settlement administrator shall
25 *not*, however, distribute any funds on account of fees or costs until all other disbursements have
26 been made as required by the settlement agreement and this order.

27
28

5

### 4. DISPUTE WITH PLAINTIFF'S PRIOR COUNSEL.

Class counsel does not dispute that PEG&C is entitled to a share of the fees and costs recovered herein, they simply disagree with PEG&C about the amount. Both sides agree that the lien dispute and the claim for breach of the joint prosecution agreement are intertwined and should be adjudicated together. They disagree as to whether the dispute should be heard here or in state court — class counsel wants the issues heard here in federal court, while PEG&C wants to pursue them separately in state court.

At oral argument on this motion, class counsel and PEG&C both agreed to be referred to mediation by a magistrate judge here in federal court. A separate order will refer class counsel and PEG&C to a magistrate judge for mediation.

PEG&C asks that the award of fees and costs be paid into a trust to be maintained until the amount of the lien can be resolved. By **SEPTEMBER 1**, PEG&C should make a formal motion, noticed on the normal 35-day calendar addressing that issue.

The Court will retain jurisdiction over the fee dispute until mediation has concluded and PEG&C's motion to have the fees and costs paid into trust is resolved, but it declines to exercise ancillary jurisdiction beyond that point. Although adjudication of this fee dispute will depend in part on the facts herein, nothing about the resolution of *this class action* depends on the resolution of the fee dispute. That is, the amount of the award of attorney's fees has already been determined (above), and nothing about this dispute will inhibit the class members from receiving their respective portions of the settlement fund.

When class counsel (Cari Cohorn) sought her appointment, she should have informed the Court of the full extent of her encumbrance with this potential fee dispute, for such an encumbrance might reasonably have been expected to moderate her willingness to invest time on behalf of the class. PEG&C's filing the notice of lien on the docket herein was insufficient to alert the Court to the full extent of the issue. This was a major oversight on Attorney Cohorn's part. Nevertheless, it does not appear that the class suffered prejudice as a result.

**CONCLUSION**

For the reasons stated above, the motion for final approval of the class settlement is **GRANTED**. An incentive award of $500 for Saechao is **GRANTED**. Attorney's fees in the amount of $125,000 and costs in the amount of $50,000 shall be awarded to class counsel. The disbursement for fees and costs shall not be paid until all class members have received what they are entitled to receive, and there is no further work to be done. An order referring the dispute over attorney's fees to a magistrate judge will follow.

By **SEPTEMBER 1**, PEG&C shall file a formal motion, noticed on the 35-day calendar, seeking to have the award of fees and costs held in trust pending resolution of the lien.

Also by **SEPTEMBER 1**, the parties shall submit a stipulated form of judgment that specifically identifies the individuals who are subject to the judgment herein as well as those class members that are *not* subject to the judgment because notice could not be delivered.

**IT IS SO ORDERED.**

Dated: August 19, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE